UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE ORTIZ,

    Plaintiff,

v.                                Case No.:  8:20-cv-1334-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

## OPINION AND ORDER

Plaintiff Annette Ortiz seeks judicial review of the final decision of the
Commissioner of the Social Security Administration ("SSA") denying her claim for
supplemental security income benefits. The Commissioner filed the Transcript of
the proceedings (hereinafter referred to as "Tr." followed by the appropriate page
number), and the parties filed a joint legal memoranda setting forth their respective
positions. As explained below, the decision of the Commissioner is **AFFIRMED**
pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural
History, and the ALJ's Decision**

**A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity
by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.      Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at \*2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff filed an application for supplemental security income benefits on June 6, 2017, alleging disability beginning June 5, 2014. (Tr. 66, 205-206). At the hearing, Plaintiff amended the onset date to August 7, 2017. (Tr. 36, 37). The

application was denied initially on August 16, 2017, and upon reconsideration on December 8, 2017. (Tr. 66, 78). Plaintiff requested a hearing and on May 24, 2019, a hearing was held before Administrative Law Judge ("ALJ") Paul D. Barker, Jr. (Tr. 33-57). On June 5, 2019, the ALJ entered a decision finding Plaintiff not under a disability since August 7, 2017, the amended alleged onset date. (Tr. 15-24).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April; 10, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 10, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 7, 2017, the amended alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "lumbar and cervical degenerative disc disease, migraines, and carpal tunnel syndrome." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except she can occasionally stoop, climb ramps and stairs, balance, kneel, crawl and crouch, and can never climb ladders, ropes, and scaffolds. She can frequently handle and finger bilaterally, must avoid concentrated exposure to extreme cold, extreme heat, humidity, and pulmonary irritants, and must avoid concentrated exposure to loud noises and bright light. She requires a position with no more than a moderate level of noise intensity and with lighting no brighter than standard office lighting.

(Tr. 19). At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a cleaner/housekeeper. (Tr. 22). The ALJ further found this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 22).

Alternatively, at step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 21-22). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   garment sorter, DOT[1] 222.687-014, .567-014, light, unskilled, SVP 2

(2)   office helper, DOT 239.567-010, light, unskilled SVP 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(3)   marker, DOT 209.587-034, light, unskilled, SVP 2.

(Tr. 23-24).[2] The ALJ concluded that Plaintiff had not been under a disability since

August 7, 2017, the amended alleged onset date. (Tr. 24).

## II.   Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ posed a proper

hypothetical to the vocational expert. (Doc. 20, p. 8). Plaintiff argues that by relying

on erroneous testimony from a vocational expert, the ALJ's finding that Plaintiff

could return to her past relevant work as a cleaner/housekeeper or, alternatively, was

capable of performing other work in the national economy was not supported by

substantial evidence.

At step five of the sequential evaluation, the ALJ must determine whether jobs

exist in significant numbers in the national economy that a plaintiff can perform.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make

this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For

the vocational expert's opinion to constitute substantial evidence, "the ALJ must

pose a hypothetical question which comprises all of the claimant's impairments." *Id.*

(citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ

presents the vocational expert with incomplete hypothetical questions, the vocational

---

[2] For each of these occupations, the ALJ noted that there would be a 10% erosion in the job base numbers due to the restrictions in the residual functional capacity. (Tr. 23-24).

expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

Although not entirely clear, it appears Plaintiff claims that the ALJ's limitations in the RFC and then in the hypothetical to the vocational expert of occasionally stooping, climbing ramps and stairs, balancing, kneeling, crawling, and crouching as well as frequently handling and fingering were not specific enough. Plaintiff argues these limitations do not state, "whether the claimant could do each and every one of these postural activit[ies] on an occasional basis, cumulatively, or whether the claimant could perform these postural activities in the disjunctive. In other words, the claimant could either stoop or crawl occasionally, but could not do both occasionally in the same day." (Doc. 20, p. 9). Plaintiff jumps to the conclusion that "it does not appear that this [doing more than one postural limitation in a day] was what the Administrative Law Judge intended." (Doc. 20, p. 9). Plaintiff claims that the job of cleaner/housekeeper requires occasional stooping, kneeling, and crouching, and if a cleaner/housekeeper makes beds it could require stooping or bending for 1/3 of the day, and if she has to clean bathtubs, she might be required to kneel for 1/3 of the day, and if she has to clean toilets, she might be crouching 1/3

of the day, which means her entire day would be filled with postural activities, and Plaintiff claims this is not what the ALJ intended. (Doc. 20, p. 10). He raises similar arguments for frequent handling and fingering with the garment sorter, office helper, and marker jobs. In sum, Plaintiff claims this error is not harmless because "there is a reasonable probability that the Administrative Law Judge did not intend to find that the claimant could perform postural and manipulative activities, constantly, on a cumulative basis." (Doc. 20, p. 11).

The ALJ posed the first hypothetical to the vocational expert and asked him to assume a hypothetical individual with Plaintiff's age, education, and work experience, who can lift and carry, push and pull, 20 pounds occasionally, and 10 pounds frequently, can stand and walk for six hours in an eight-hour workday, can sit for six hours in and eight-hour workday, can occasionally stoop, climb ramps and stairs, balance, kneel, crawl, and crouch, but can never climb ladders, ropes, and scaffolds. (Tr. 52). The vocational expert found this individual was capable of performing the cleaner/housekeeper position and, alternatively, could perform the jobs of garment sorter, office helper, and marker. (Tr. 52-53). The ALJ then added the limitations that this hypothetical individual could frequently handle and finger, bilaterally, must avoid concentrated exposure to extreme cold, extreme heat, humidity, and pulmonary irritants, and must avoid concentrated exposure to loud noises and bright lights. This individual could be exposed to no more than a moderate

level of noise intensity and with lighting no brighter than the standard office lighting. (Tr. 53). The vocational expert found this hypothetical person could perform the cleaning/housekeeping job, and the other alternative jobs. (Tr. 54).

The Court finds no error. The ALJ included the resume of the vocational expert, Brian Spillers, as part of the record. (Tr. 50, 256-59). Mr. Spillers' resume reflects that he is well qualified with over twenty years of experience in the vocational rehabilitation field and has been a vocational expert since 2017. (Tr. 256-59). And at the hearing, Plaintiff's counsel stipulated to Mr. Spillers' qualifications. (T 51). The vocational expert did not ask for clarification regarding any of these limitations and apparently understood the plain meaning of the limitations posed by the ALJ. (Tr. 55). Further, Plaintiff's counsel at the hearing did not object to the hypothetical questions posed to the vocational expert and did not seek any clarification for the limitations posed by the ALJ. If Plaintiff's counsel had any doubt whether these jobs were beyond the postural and manipulative limitations posed by the ALJ, he should have asked the vocational expert for clarification at the hearing. *See Pena v. Saul*, No. 8:19-cv-2122-T-TGW, 2020 WL 5525628, at *3 (M.D. Fla. Sept. 15, 2020) (finding no reversable error when counsel should have objected at the administrative hearing or questioned the vocational expert about the limitations in the hypothetical posed to the vocational expert) (citing *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 879 (11th Cir. 2013)); *see also Thomas v. Comm'r*

*of Soc. Sec.*, No. 3:19-cv-620-J-PDB, 2020 WL 5810219, at *4 (M.D. Fla. Sept. 30, 2020) (finding no error when Plaintiff failed to provide authority compelling a more detailed hypothetical to the vocational expert). Without support in the record, Plaintiff manufacturers what the ALJ "may have contemplated" when including postural and manipulative limitations in the hypotheticals posed to the vocational expert. (*See* Doc. 20, p. 10). The meaning of the limitations was clear to the ALJ, the vocational expert, and Plaintiff's counsel at the hearing. The ALJ included in the RFC and in the hypothetical all of the limitations he found supported by the record. *See Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013); *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011). The Court therefore finds substantial evidence supports the ALJ's decision to rely on the vocational expert's testimony that Plaintiff could return to her past relevant work as a housekeeper/cleaner or, alternatively, she could perform the jobs of garment sorter, office helper, or marker. (Tr. 24-25).

### III.      Conclusion

For the reasons stated, the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 23, 2021.


DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties